UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DWIGHT ROLLAND SHELTON, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 5:17-CV-8043-SLB |
| ) | Crim. Case No. 5:10-CR-0129-SLB-HNJ |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This case is currently pending before the court on Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, hereinafter "Motion to Vacate," filed by petitioner Dwight Rolland Shelton, Jr.. (Doc. 1; crim. doc. 64).[1] Shelton seeks credit for time served pre-sentencing and he seeks release of the federal detainer filed against him. Shelton has also filed a Request for Instant Service of Pending Federal Sentence, (crim. doc. 60); Notices of Demand for Disposition of Federal Detainer, (crim. docs. 61 and 62); and a letter requesting the court apply jail credits and lift the federal detainer, (*see* crim. doc. 63).

First, the court notes that Shelton's remedy does not lie with § 2255 Motion to Vacate. Second, any habeas petition under § 2241 is premature and, when ripe, must be filed in the

---

[1]Citations to documents in the court's record of in petitioner's Motion to Vacate appear as "(Doc. __)." Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 5:10-CR-0129-SLB-HNJ, appear as "(Crim. Doc. __)." Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

district of incarceration, not in the court of conviction.  Once Shelton begins his federal sentence, he must exhaust all BOP administrative remedies before filing a § 2241 habeas petition in the federal district court, and such § 2241 petition must be filed in the district court for the jurisdiction within which he is imprisoned.

Moreover, the court notes that the detainer is properly filed.  This court sentenced Shelton to a total of 29 months – 17 months to be served concurrently with his state sentence and 12 months to be served consecutively – or after completion of both his concurrent federal and state sentences.  As he is currently serving his California state sentence, his consecutive sentence of 12 months remains to be served.  It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant prior to sentencing; this court does not determine the amount of jail credit due an inmate.  *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010); 18 U.S.C. § 3585.

Shelton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (doc. 1; Crim. Doc. 64), will be denied, and his Petition will be dismissed with prejudice.  A Certificate of Appealability will not issue.  Shelton's Request for Instant Service of Pending Federal Sentence, (crim. doc. 60); Demand for Disposition of Federal Detainer, (crim. docs. 61 and 62); and Request to Apply Jail Credits and Lift Detainer, (crim. doc. 63), will be denied.

# CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . ***only*** if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

Shelton is not entitled to habeas relief; reasonable jurists could not disagree. He has not demonstrated that any issue he raises is reasonably debatable and/or deserves encouragement to proceed further. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE**, this 4th day of December, 2018.

                                                      */s/ Sharon Lovelace Blackburn*
                                                    SHARON LOVELACE BLACKBURN
                                                    UNITED STATES DISTRICT JUDGE